

# The Attorney General of Texas

April 18, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill Presnal
Chairman
Committee on Appropriations
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No.  JM-24

Re:  Whether Southwest Collegiate Institution for the Deaf may receive appropriated funds from the legislature and various in-kind donations from the federal government and a community college district

Dear Representative Presnal:

You have requested our opinion regarding the authority of the legislature to appropriate funds for Southwest Collegiate Institution for the Deaf [hereinafter SCID]. Your first question is:

> Do the restrictions on use of appropriated funds by junior colleges found in section 130.003 of the Education Code apply to the Southwest Collegiate Institution for the Deaf? Is the institute eligible to receive state appropriations for construction, operations, or other purposes?

SCID was created by the legislature in 1981 under chapter 131 of the Education Code. Section 131.001 thereof describes the facility as:

> a postsecondary educational institution providing instruction for hearing-impaired students preparing for a career or for enrollment in a senior college or university.

SCID is:

> under the direct control and management of the board of trustees of the Howard County Junior College District.

Section 131.002(a). The governing board of the institution is prohibited from conducting, except under limited circumstances, "regular junior college programs for students with unimpaired hearing." Section 131.003.

A "public junior college" is not merely any two-year institution of higher education.  It is a creature of statute.  Section 130.004 of the Education Code authorizes the creation of public junior colleges and junior college districts "of any one of the following classifications":

<blockquote>

(1) an independent school district junior college;

(2) a city junior college;

(3) a union junior college;

(4) a county junior college;

(5) a joint-county junior college; and

(6) a public junior college as a part or division of a regional college district.

</blockquote>

The creation of the various types of junior colleges is governed by chapter 130 of the Education Code.  See §130.011, et seq.; 130.031, et seq.; 130.091, et seq.  SCID, on the other hand, was created by the legislature.  Section 130.001.  Although it is "under the direct control and management of the board of trustees of the Howard County Junior College District," it is not itself one of the types of "public junior college" authorized by section 130.004.  Rather, it is a "postsecondary educational institution providing instruction for hearing-impaired students preparing for a career or for enrollment in a senior college or university."  Moreover, it is not on the list of certified junior colleges which the commissioner of higher education is required to file with the auditor and comptroller pursuant to section 61.063 of the Education Code.

Since, in our opinion, SCID is not a "public junior college" under chapter 130 of the Education Code, the restrictions of section 130.003, which apply only to "public junior colleges," are not applicable to it.  Section 131.006(a) of the Education Code provides:

<blockquote>

(a) The governing board of the institute may receive appropriations for the institute's operations only if the board operates the institute in compliance with this chapter.

</blockquote>

So long as the board operates SCID in compliance with the provisions of chapter 131, it is eligible to receive legislative appropriations for any purpose.

You also ask:

> May the Southwest Collegiate Institute for the Deaf legally receive land, equipment and buildings from a federal agency or a community college district?

Section 131.006(b) of the Education Code provides:

> The board may accept gifts, grants, or donations of money or property given to the institute for the institute's exclusive use in carrying out the purposes of this subchapter.

In our opinion, this provision clearly authorizes the board to receive gifts, grants, or donations of land, equipment and buildings, from whatever source. We express no opinion as to whether a community college district may be empowered to make such a gift or grant. See Tex. Const. art. III, §§50, 51.

## S U M M A R Y

> The Southwest Collegiate Institution for the Deaf is not a "public junior college." It may receive appropriated funds so long as its board of trustees operates the facility in compliance with the provisions of chapter 131 of the Education Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
David Brooks
Rick Gilpin
Jim Moellinger
Nancy Sutton